UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN PATRICK LANE,<br><br>       Plaintiff,<br><br>    v.<br><br>BUREAU OF PRISONS, *et al.*,<br><br>       Defendants. | Case No.: 1:25-cv-01525-CDB<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL AND MOTION REGARDING LAW LIBRARY ACCESS<br><br>(Docs. 6, 7) |

Plaintiff Ryan Patrick Lane is a federal prisoner proceeding pro se and *in forma pauperis*. Plaintiff initiated this action with the filing of a complaint on November 10, 2025, against Defendants the Federal Bureau of Prisons, Captain Brassfield, and Lieutenant Prince. (Doc. 1). Pending before the Court are Plaintiff's motions seeking appointment of counsel (Docs. 6, 7). Plaintiff includes therein assertions regarding denial of access to the law library. *See* (Doc. 7).

**I.    Motions for Appointment of Counsel**

**A.  Applicable Legal Standards**

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *on*

*reh'g en banc*, 154 F.3d 952 (9th Cir. 1998).

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (quotations and citations omitted).

**B. Analysis**

First, the Court must evaluate the likelihood of Plaintiff's success on the merits of his claims. *Rand*, 113 F.3d at 1525. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a); *see also* (Doc. 3 at 3-4). Plaintiff's complaint has not yet been screened. At screening, the Court is tasked with determining whether a plaintiff has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief. Screening does not test the merits of the allegations, for the Court is to consider factual allegations to be true for purposes of screening. No determination has yet been made as to the merits of Plaintiff's claims.

Next, the Court must also evaluate Plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. Plaintiff asserts he has brain damage and numerous other mental and physical impairments. *See* (Docs. 6, 7). In this regard, the Court notes that Plaintiff's filings reflect Plaintiff is logical and articulate. *See*, *e.g.*, (Docs. 1, 6, 7); *see also LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of request for appointment of counsel, where pleadings demonstrated petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions").

Neither the claims asserted nor the relevant events and transactions are complex. *See Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993) (while Plaintiff may have limited knowledge of the law, the Court does not find the issues in this case "so complex that due process violations will occur absent the presence of counsel"); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (explaining that "[a]lthough discovery was essential … the need for such discovery does not necessarily qualify the issues involved as 'complex'"); *Williams v. Whitehurst*, No. 4:08CV21-

2

SPM/AK, 2008 WL 1766570, at *1 (N.D. Fla. Apr. 11, 2008) ("Although Plaintiff's claims are serious, they are not complex nor will he be required to do legal research since the court is familiar with the law on claims of excessive force and failure to protect"). Stated another way, Plaintiff's belief that the claims are complex is not the test. Rather, the type of claim or claims asserted are the subject of the Court's consideration of complexity.

To the extent Plaintiff relies upon his indigency and incarceration to support his motion, those circumstances do not qualify as exceptional circumstances warranting the appointment of counsel. *See Dijkstra v. Campos*, No. 1:21-cv-01223-HBK, 2022 WL 222518, at *1 (E.D. Cal. Jan. 25, 2022) ("Plaintiff's indigence does not qualify 'as an exceptional circumstance in a prisoner civil rights case'"); *Gipbsin v. Kernan*, No. 2:12-cv-0556 KJM DB P, 2021 WL 242570, at *2 (E.D. Cal. Jan. 25, 2021) ("Plaintiff's inability to afford counsel has no bearing on either his likelihood of success on the merits or his ability to articulate his claims pro se"); *Robinson v. Cryer*, No. 1:20-cv-00622-HBK (PC), 2021 WL 9541411, at *1 (E.D. Cal. Jan. 11, 2021) (same). *Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) (same); *see also Galvan v. Fox*, No. 2:15-CV-01798-KJM (DB), 2017 WL 1353754, at *8 (E.D. Cal. Apr. 12, 2017) ("Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel").

Further, the fact an attorney may be better able to perform research, investigate, and represent Plaintiff during trial does not amount to an exceptional circumstance. *Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony"); *Wilborn*, 789 F.2d at 1331 (same); *Ricks v. Austria*, No. 1:15-cv-01147-BAM (PC), 2016 WL 1734326, at *2 (E.D. Cal. May 2, 2016) (while a pro se litigant may be better served with the assistance of counsel were the case to proceed to trial, the court need not appoint counsel if plaintiff can articulate his claims and exceptional circumstances do not exist); *Thornton v. Schwarzenegger*, No. 10CV01583 BTM RBB, 2011 WL 90320, at *7 (S.D. Cal. Jan. 11, 2011) (explaining that "[f]actual disputes and anticipated cross-

3

examination of witnesses do not indicate the presence of complex legal issues warranting a finding of exceptional circumstances").

The test is not whether Plaintiff would benefit from the appointment of counsel; the test is whether exceptional circumstances exist. Here, no exceptional circumstances exist warranting the appointment of counsel. As such, Plaintiff's motion for appointment of counsel will be denied.

**II.    Access to the Law Library**

Plaintiff includes in his motion for appointment of counsel a claim that his access to the law library is being consistently disregarded by staff.  (Doc. 7 at 2-3).

"Although prison officials may not obstruct a prisoner's access to the courts by unreasonably blocking his access to a law library, prison officials may place reasonable limitations on library access in the interest of the secure and orderly operation of the institution." *Oltarzewski v. Ruggiero*, 830 F.2d 136, 138 (9th Cir. 1987) (citing *Bell v. Wolfish*, 441 U.S. 520, 545-48 (1979)). There are no established minimum requirements for fulfilling the access requirements and, thus, "a reviewing court should focus on whether the individual plaintiff before it has been denied meaningful access." *Sands v. Lewis,* 886 F.2d 1166, 1169 (9th Cir. 1989) (quotation omitted). "The Ninth Circuit has held that for a prisoner to establish that his access to the courts was violated 'because of inadequate access to a law library [he] must establish two things: First, he must show that the access was so limited as to be unreasonable. Second, he must show that the inadequate access caused him actual injury, *i.e.*, show a specific instance in which [he] was actually denied access to the courts.'" *Asberry v. Relevante*, No. 1:16-CV-01741-JLT-HBK (PC), 2022 WL 17542031, at *1 (E.D. Cal. Dec. 8, 2022) (quoting *Vandelft v. Moses*, 31 F.3d 794, 797 (9th Cir. 1994)).

Here, Plaintiff sets forth no allegations showing that access was so limited as to be unreasonable nor that the inadequate access caused him actual injury. Indeed, while Plaintiff's complaint is pending screening by the Court, it is unlikely Plaintiff will have any reasonable need to access the library. Accordingly, Plaintiff's motion regarding denial of law library access will be denied.

///

4

### III.    Conclusion and Order

For the reasons given above, it is HEREBY ORDERED that Plaintiff's motions for appointment of counsel (Docs. 6, 7) and regarding denial of law library access (Doc. 7) are DENIED. Plaintiff is advised that the complaint will be screened in due course.

IT IS SO ORDERED.

Dated:    **January 20, 2026**    _____

UNITED STATES MAGISTRATE JUDGE