UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN PATRICK LANE, | Case No. 1:25-cv-01525-CDB (PC) |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PLAINTIFF'S FAILURE TO OBEY A COURT ORDER |
| BUREAU OF PRISONS, *et al.*, | |
| Defendants. | (Doc. 10) |
| | **14-DAY DEADLINE** |

Plaintiff Ryan Patrick Lane, a federal prisoner proceeding pro se and *in forma pauperis*, initiated this action with the filing of a complaint on November 10, 2025.  (Doc. 1).

I.      **Relevant Background**

Plaintiff asserts claims under the Federal Tort Claims Act ("FTCA") against Defendants Bureau of Prisons, Captain Brassfield, and Lieutenant Price (collectively, "Defendants") arising from an assault upon him by an inmate that prison staff knew was dangerous and should not have been celled with him.  *Id.*

On February 17, 2026, the Court entered the first screening order on Plaintiff's complaint. (Doc. 10).  Because the Court found the complaint was deficient in that it failed to name the proper defendant and pleaded certain claims inadequately under the applicable state law, the Court granted Plaintiff leave to amend his complaint to cure the identified deficiencies to the extent he

is able to do so in good faith. *Id.* at 11-13.  With its screening order, the Court served on Plaintiff a civil rights complaint form and ordered him within 30 days from service of the order and form to file either a first amended complaint curing the deficiencies identified by the Court in the order, a notice of intent to stand on his complaint as screened subject to a recommendation of dismissal or, in the alternative, a notice of voluntary dismissal if Plaintiff no longer wishes to pursue this action.  *Id.* at 13.  Plaintiff was forewarned that, if he fails to comply with the order, "**the undersigned will recommend that this action be dismissed for lack of subject matter jurisdiction.**" *Id.* (emphasis original).

After Plaintiff filed a notice of change of address (Doc. 11) on February 19, 2026, the Court re-served the first screening order at Plaintiff's updated address.  *See* docket entry "Re-service by Mail," dated 2/20/2026.

The time to comply with the order (*e.g.*, no later than March 25, 2026) has passed and Plaintiff has failed to file a first amended complaint, a notice of his intent to stand on his complaint as screened, or a notice of voluntary dismissal.

## II.    Conclusion and Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff shall show cause in writing **within 14 days** of the date of service of this order why sanctions, including a recommendation to dismiss this action, should not be imposed for his failure to comply with the Court's order and the Local Rules, as set forth herein.  Alternatively, Plaintiff may comply with this order by filing by that same deadline either a first amended complaint curing the deficiencies identified from the Court's first screening order (Doc. 10), a notice of his intent to stand on his complaint as screened (subject to the undersigned recommending dismissal for lack of subject matter jurisdiction) or, if he no longer wishes to pursue this action, file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

///

///

///

///

**Any failure by Plaintiff to timely comply with this order will result in the recommendation that this action be dismissed for lack of subject matter jurisdiction and Plaintiff's failure to obey a court order**.

IT IS SO ORDERED.

Dated:    **March 30, 2026**

_____
UNITED STATES MAGISTRATE JUDGE