UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RYAN PATRICK LANE,

Plaintiff,

v.

BUREAU OF PRISONS, *et al.*,

Defendants.

Case No. 1:25-cv-01525-CDB (PC)

ORDER EXTENDING PLAINTIFF'S TIME TO RESPOND TO ORDER TO SHOW CAUSE

(Doc. 16)

**60-DAY DEADLINE**

Clerk of the Court to Serve First Screening Order (Doc. 10)

**Background**

Ryan Patrick Lane ("Plaintiff"), a federal prisoner proceeding pro se and *in forma pauperis*, initiated this action with the filing of a complaint on November 10, 2025. (Doc. 1). The Court issued the first screening order on February 17, 2026, granting Plaintiff leave to file either an amended complaint, a notice of his intent to stand on the complaint as screened (subject to a recommendation of dismissal for lack of subject matter jurisdiction), or a notice of voluntary dismissal. (Doc. 10). After Plaintiff failed to respond by the applicable deadline, the Court issued an order to show cause in writing why sanctions should not be imposed for Plaintiff's failure to obey a court order. (Doc. 12). On April 22, 2026, Plaintiff filed a motion in which he acknowledged receipt of the order to show cause and requested a four-month extension of the response deadline. (Doc. 13). On April 29, 2026, the Court granted Plaintiff's motion in part (Doc.

1

13), extending the response deadline by 60 days.  (Doc. 14).

Pending before the Court is a filing by Plaintiff, signed and dated June 28, 2026, and docketed as a "Letter" on June 29, 2026.  (Doc. 16).

**Discussion**

In brief, Plaintiff asserts that he has been transferred to three different institutions since December and is awaiting another such transfer.  *Id.* at 1.  Plaintiff states that his medical and legal documents, as well as all personal property, are "gone."  *Id.* at 2.  Plaintiff asserts that he has received no mail since January 2026 and sent "notification of transfers with no acknowledgment from the Court."  Plaintiff renews his request for appointment of counsel.  *Id.* at 3; *see* (Docs. 6, 7, 13).

Plaintiff repeats many of the same assertions included in his prior motion filed in April 2026 in which he sought an extension of the deadline to respond to the Court's show cause order, including his claim that he is being subjected to "Deisel Therapy" in the form of regular transfers.  *See* (Doc. 13).  Importantly, Plaintiff's assertion that has he received no mail since January 2026 is contradicted by his earlier representation to the Court that he received two notices from the Court on April 3, 2026 (including the Court's show cause order dated March 30, 2026).  *Id.* at 1, 5.  In his prior filing with the Court, Plaintiff made a similar assertion that all his legal and medical documents were gone, though he indicated it was over 4,000 pages, whereas in his most recent filing he states it is 2,700 pages.  *Id.* at 3, 6; (Doc. 16 at 2).  The Court received Plaintiff's notice of change of address dated May 20, 2026.  (Doc. 15).

The Court finds good cause to grant only an additional continuance of 60 days within which to respond to the Court's show cause order.  Additionally, Plaintiff's request for appointment of counsel will be denied for the same reasons set forth in the Court's previous denial of his requests for appointment of counsel.  *See* (Doc. 8).

Because it is unclear whether Plaintiff received a copy of the Court's first screening order, the Court will direct the Clerk of the Court to include in the service copy of this order a copy of the first screening order (Doc. 10).

///

2

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that Plaintiff SHALL file, **no later than 60 days after service of this order**, one of the following:

(a) his first amended complaint;

(b) a notice of his intent to stand on the original complaint as screened (subject to a recommendation of dismissal for lack of subject matter jurisdiction); or

(c) a notice of voluntary dismissal.

The Clerk of the Court is DIRECTED to include with the service copy of this order a copy of the Court's first screening order (Doc. 10).

**Any failure by Plaintiff to timely comply with this order will result in the recommendation that this action be dismissed for lack of subject matter jurisdiction and Plaintiff's failure to obey a court order**.

IT IS SO ORDERED.

Dated:    **July 2, 2026**                          _____

UNITED STATES MAGISTRATE JUDGE